JUSTICE WHEAT,
dissenting.
¶23 I respectfully dissent from the majority’s holding. I understand the importance of giving broad discretion to district courts in determining whether to certify a class. However, in this case I would remand with instructions to the District Court to grant the class certification, because, in close call cases like this one, the equitable balance ought to tip in favor of the injured party.
¶24 As noted by the majority, the number of potential class members in this case falls squarely in the gray area for satisfying the numerosity requirement for class certification. However, in the interest of justice, and given the impracticability of each plaintiff bringing an individual suit for a relatively small amount of damages, I would allow the plaintiffs to seek financial redress through the mechanism of the class action lawsuit.
¶25 Plaintiffs argue that, given the relatively small damages claimed by each individual, it would be impractical for each claimant to bring an individual suit. The majority explains in ¶ 10 that other courts have considered the impracticality of claimants bringing individual suits when determining whether class certification is appropriate. The majority, however, refused to adopt the impracticality of individual suits as a consideration in class certification. Rather, the majority focuses solely on the impracticality of joinder under M. R. Civ. P. 23(a)(1). While I acknowledge that the question of whether joinder is impractical is a statutorily required consideration in determining the appropriateness of class certification, I would also require courts to consider the difficulty of individual plaintiffs pressing individual suits to recover small sums.
¶26 We have explained that one of the benefits of class certification is *68 to promote fairness and judicial efficiency by consolidating like causes into a single action. Mattson v. Mont. Power Co., 2012 MT 318, ¶ 42, 368 Mont. 1, 291 P.3d 1209. However, another important policy consideration is that class action suits provide an avenue for plaintiffs whose individual damages may be insufficient to justify bringing a solo claim to band together and act as private attorneys general in enforcing their legal rights. Roper, 445 U.S. at 338-339. Without the availability of a class action, many disadvantaged plaintiffs would be left without effective redress for their injuries. Roper, 445 U.S. at 339. ¶27 The majority essentially dismisses this second policy consideration, stating that, through joinder, the plaintiffs would have an effective redress. This pronouncement ignores the practical issues inherent in such a procedural process. Whereas a class-action lawsuit allows qualifying plaintiffs to simply sign on as a member of the class, joinder requires each plaintiff to file an individual suit. As a practical matter, it would be difficult for many individuals seeking relatively small damages to find counsel willing to represent them for such small sums. On the other hand, the increased financial incentives available to counsel for a class action should make finding competent counsel significantly easier.
¶28 The majority focuses on whether joinder is impractical in an abstract sense, but does not consider the impracticability of joinder for the very people who would be joined, the plaintiffs. While I would not take the decision to certify a class out of the district court’s discretion, I would urge district courts to apply a liberal interpretation of the requirements for class certification, keeping in mind the inherent difficulties associated with an individual seeking a small amount of damages from a large corporation, such as the difficulty in finding legal counsel or, if counsel is unavailable, navigating the legal process as a pro se litigant. Article II, section 16 of the Montana Constitution guarantees citizens a right of access to the courts without denial or delay, yet access to justice in Montana is at a critical low. See, Montana Supreme Court Access to Justice Commission, The Justice Gap in Montana: As Vast as Big Sky Country (Carmody and Associates, July 2014). Today’s decision does nothing to alleviate that situation.
¶29 I respectfully dissent.